UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY P. CONTERO, | ) | 1:05-cv-01012-AWI-DLB-HC |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS AND** |
| | ) | **RECOMMENDATION** (Doc. 8) |
| v. | ) | |
| | ) | **ORDER DENYING PETITION FOR** |
| JEANNE S. WOODFORD, Warden, | ) | **WRIT OF HABEAS CORPUS** |
| | ) | |
| Respondent. | ) | **ORDER DIRECTING CLERK TO** |
| | ) | **ENTER JUDGMENT** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On February 27, 2006, the Magistrate Judge filed Findings and Recommendations that recomended the Petition for Writ of Habeas Corpus be DENIED. These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. On March 10, 2006, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's

1

1 objections, the court concludes that the Magistrate Judge's
2 Findings and Recommendation are supported by the record and proper
3 analysis.  Petitioner's objections present no grounds for
4 questioning the Magistrate Judge's analysis.  Except for one point,
5 the court finds the Findings and Recommendations adequately address
6 Petitioner's objections and no further discussion of Petitioner's
7 claims and objections is necessary.
8     The court does note that in the objections, Petitioner
9 contends that the Magistrate Judge failed to address his due
10 process claim.  Petitioner contends that this action is not about
11 his equal protection rights.  Rather, Petitioner argues that he has
12 a liberty interest in earning "halftime" credits pursuant to
13 California Penal Code § 2933 because Petitioner completed the ISTIP
14 program.
15     In order to state a due process claim, Petitioner must show
16 that a constitutionally protected liberty interest is implicated.
17 Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 844 (9th
18 Cir. 1985).  A state may create a constitutionally protected
19 liberty interest if it establishes regulatory measures that impose
20 substantive limitations on the exercise of official discretion.
21 Hewitt v. Helms, 459 U.S. 460, 470-71 (1983).  Contrary to
22 Petitioner's assumption, California has not created a protected
23 liberty interest in earning credits pursuant to Section 2933. See
24 California Penal Code § 2933 ("[w]orktime credit is a privilege,
25 not a right"); Kalka v. Vasquez, 867 F.2d 546, 547 (9th Cir.1989)
26 ("section 2933 does not create a constitutionally protected liberty
27 interest"); Touissant v. McCarthy, 801 F.2d 1080, 1094-95 (9th
28 Cir.1986) ("[e]xamination of section 2933 leads to the conclusion

that prisoners have no right to earn the one-for-one worktime credits provided by that section).  In addition, Section 2934, which provides for waivers, cannot serve as the basis of a liberty interest in work credits.  <u>Miller v. Rowland</u>, 999 F.2d 389, 392 (9th Cir. 1993).  Petitioner simply has no constitutional right to earn credits.  Because Petitioner has not shown a violation of the Federal Constitution, Petitioner is not entitled to habeas corpus relief.  <u>See</u> 28 U.S.C. § 2254 (habeas corpus available for violations of the Constitution or federal law.)

Accordingly, IT IS HEREBY ORDERED that:

1.   The Findings and Recommendation, filed February 27, 2006, are ADOPTED IN FULL;

2.   The Petition for Writ of Habeas Corpus is DENIED; and,

3.   The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   April 12, 2006**              **/s/ Anthony W. Ishii**
0m8i78                             UNITED STATES DISTRICT JUDGE